IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROGER SEAN NORTON and AMANDA JOYCE NORTON, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Case No.: 4:26-cv-218-CDL-CHW |
| | : | |
| SHERRY GOODRUM, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION OF DISMISSAL

On February 9, 2026, Plaintiffs filed a complaint for violation of their constitutional rights connected to a pending child deprivation case in the Juvenile Court of Muscogee County. (Doc. 2). Plaintiffs also filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) on the same day. Plaintiffs then filed an amended complaint (Doc. 4), an emergency motion for temporary restraining order (Doc. 5), and a motion for temporary restraining order. (Doc. 7). Because Plaintiffs have established that they are unable to pay the filing fee, their motion to proceed IFP is **GRANTED**. However, for the reasons stated below, it is **RECOMMENDED** that the complaint[1] be **DISMISSED**. It is also recommended that Plaintiffs' remaining motions (Docs. 5, 7) be **DENIED**.

---

[1] Plaintiffs amended complaint is the operative complaint in this civil action. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint). In their recast complaint, Plaintiffs list only the following Defendants: Sherry Goodrum, Michael Smith, Judge Robert Poydasheff, Dana Wilson, and Seth Wilson. (Doc. 4, p. 1). The Clerk of Court is therefore **DIRECTED** to terminate the Georgia Department of Human Services, the Georgia Division of Family and Children Services, and Amber Mack as Defendants to this civil action. Because of the subject matter of the

**DISCUSSION**

## I.    Standard of Review

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2).  That statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

---

Plaintiffs' claims, this recommendation would remain the same even if both complaints were screened together.

2

at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Plaintiffs have alleged that Defendants have violated their constitutional rights under 42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

3

## II.    Summary of Plaintiffs' Complaint

Plaintiffs' claims arise from a case in the Juvenile Court of Muscogee County involving the removal of their minor child from their custody. *See* (Docs. 4-7).  The case began in December 2024 (Doc. 4, p. 1) and appears to be ongoing, with a hearing scheduled for March 10, 2026.  *See* (Doc. 7).   Plaintiffs challenge the validity of the proceedings, allege that the presiding judge suffers from a conflict of interest, argue they were not afforded due process under the Fourteenth Amendment, and suggest that their child was wrongfully removed from their custody under the Fourth Amendment.  (Doc. 4).  To remedy these alleged constitutional violations, Plaintiffs request that the Court stay the juvenile court proceedings and order that their minor child be returned to their custody. (Doc. 4); *see also* (Doc. 7). They also request compensatory and punitive damages. (Doc. 4).

## III.    Preliminary Review of Plaintiffs' Complaint

### A. The Court is without authority to consider Plaintiffs' claims.

Plaintiffs seek this Court's intervention into an ongoing state juvenile court action, which this Court has no authority to do. Plaintiffs' own filings admit that the juvenile court case is ongoing and that a hearing is scheduled as soon as March 10, 2026. *See* (Doc. 7). Plaintiffs ask this Court to invalidate the order to remove their child from their custody and to enjoin the pending and upcoming proceedings, the Court is divested of jurisdiction to consider this matter under two legal doctrines.

1. *The Rooker-Feldman Doctrine*

First, Plaintiffs essentially ask this Court to review the juvenile court's decision to remove their minor child from their custody and issue a ruling in direct contradiction to that judgment. This action is precluded under the *Rooker–Feldman* doctrine, named after the cases that first recognized it: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–17 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1333 (11th Cir. 2001) (finding that in a *Rooker-Feldman* doctrine analysis, courts look at "the issues involved in the state court proceeding, instead of on the type of relief sought by the plaintiff.").

"The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman,* 259 F.3d at 1332. "The basis for the *Rooker/Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005) (citing *Exxon Mobil Corp.*, 544 U.S. 280). "The *Rooker-Feldman* doctrine makes clear that

5

federal district courts cannot review state court final judgments." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).

The doctrine also covers constitutional claims that are "'inextricably intertwined' with a state court judgment." *Goodman*, 259 F.3d at 1332. A federal claim is "inextricably intertwined" with a state-court judgment if the claim would "effectively nullify" the state-court judgment of if the claim "succeeds only to the extent that the state court wrongly decided the issues before it." *Id*. at 1332-1333. The doctrine does not apply if Plaintiffs would have had no reasonable opportunity to raise their claims within the state court proceedings. *Id*. On the face of the record, this exception does not apply to Plaintiffs because Plaintiffs have filed a motion to recuse, appear to have raised their concerns to the Court, and the proceedings are ongoing to where they can continue to raise their claims before the juvenile court. The issues they raise in their complaint are more appropriately presented to the juvenile court and then, if Plaintiffs so choose, to the appellate courts of the State of Georgia which conceivably have jurisdiction to review the juvenile court decisions and judgment.

Plaintiffs are asking this Court to issue a ruling in direct contradiction to the juvenile court's decision that was not in their favor. This is precisely the type of situation where *Rooker-Feldman* applies. Thus, this Court is barred from considering Plaintiffs' present federal civil action.

2. *Younger* Abstention Doctrine

This Court is likewise without authority to enjoin or interfere in the upcoming hearing or proceedings scheduled in the juvenile court. *See Younger v. Harris*, 401 U.S.

6

37, 43-46 (1971). The *Younger* abstention doctrine outlines "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). To determine if *Younger* requires abstention in a given case, a court considers three factors: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and, third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

In Plaintiffs' case, the answer to all three questions is yes. Because Plaintiffs are asking this Court to enjoin upcoming scheduled hearings, the proceedings are plainly ongoing, and any order by this Court would interfere in the case. Second, matters of domestic relations and child custody implicate important state interests. *Id*. at 1275; *see also Davis v. Self*, 547 F. App'x 927, 931 (11th Cir. 2013) (citing *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern.")) Third, nothing indicates that Plaintiffs do not have an adequate remedy to present their claims before the state courts – whether it be in the juvenile court proceeding or a state appellate court. *See 31 Foster Children*, 329 F.3d at 1279 (finding that federal courts "should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Based on the foregoing, the *Younger* abstention doctrine applies to Plaintiffs' complaint and provides another basis that this Court is without jurisdiction to consider Plaintiffs' case.

B.  Claims against Judge Poydasheff

Even if the complaint should not be dismissed for lack of jurisdiction, any claims against Defendant Judge Poydasheff would be improper. Plaintiffs seek to hold Judge Poydasheff, the judge presiding over their case, responsible for violating their due process rights by having a conflict of interest and using a fraudulent order to remove their child from their custody. (Doc. 4); *see also* (Doc. 2-3). However, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

Determination of whether an act is "judicial," depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with a judge in his judicial capacity." *Blough v. Silberman*, 702 F. App'x 927, 928 (11th Cir. 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Moreover, [i]n determining whether to apply judicial immunity for a particular act, the Court looks to "the nature and function of [the] act, not the propriety of the act itself, and consider[s] whether the nature and function of the particular act is judicial." *McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018) (citing *Mireles*, 502 U.S. at 13). Contrary to Plaintiffs' claims, reviewing and issuing a court order is an integral part of being a judge and undoubtedly a judicial act. Because Plaintiffs' complaint concerns

8

actions taken by Judge Poydasheff in his judicial capacity, he is entitled judicial immunity in this case.

C. Conspiracy Claims

Plaintiffs also allege that all Defendants worked together to conspire to deprive them of their constitutional rights. (Doc. 4, p. 1) ("Defendants acted in concert to ignore judicial conflicts and manufacture a basis for removal."). Even if their complaint was not due to be dismissed for the reasons already discussed, any conspiracy claim would fail under § 1983. "It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Moreover, a plaintiff cannot "merely string together" adverse acts of individuals as evidence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). "Allegations of conspiracy must be specific and based upon facts rather than conclusions." *Van Bethel v. Carter*, No. 5:12–cv–01153, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012). "[C]onclusory allegations are not entitled to the assumption of truth." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679). To state a conspiracy claim, a plaintiff must, in part, show that the defendants had a "meeting of the minds" or reached an understanding to violate his rights. *Bailey v. Bd. of Cnty. Comm'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992). Thus, the "naked assertion of a conspiracy ... without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability. *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir.1984).

9

Plaintiffs' conspiracy allegations are vague and conclusory, relying upon nothing more than their conjecture and beliefs. Plaintiffs make no effort to demonstrate the basis of their conspiracy claims against any of the named Defendants other than their belief that a conflict of interest exists and that an order signed *nunc pro tunc* and filed in the case was inherently improper. Instead, Defendants appear connected in this matter solely because of actions taken within their professional capacities as part of Plaintiffs' juvenile court case. Because Plaintiffs' allegations are mere speculation, their § 1983 conspiracy claims are subject to summary dismissal. *See, e.g.*, *Kearson v. Southern Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) (affirming the dismissal of a § 1985 claim where the plaintiff only generally alleged a conspiracy that defendants "willfully, knowingly and purposefully acted in concert" to deprive him of his rights and finding that "[i]n civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint").

## IV.    Opportunity to Amend

"Generally, a district court must grant a *pro se* plaintiff at least one opportunity to amend before dismissing if it appears that a more carefully drafted complaint might state a claim, even if the plaintiff never seeks leave to amend." *Christensen v. Reddish*, No. 22-13485, 2023 WL 5665801, at *1 (11th Cir. May 25, 2023) (citing *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019)). Nevertheless, leave to amend need not be given where it would be futile. *See Johnson v. Ortiz*, No. 20-13547, 2022 WL 1311540, at * 3 (11th Cir. May 2, 2022) ("Although we have held that a *pro se* plaintiff generally should be given at least one chance to amend a complaint before the district court dismisses his

action with prejudice, leave to amend is *not* required where such amendment would be futile—for instance, because the 'complaint as amended would still be properly dismissed.'" (quoting *Silberman*, 927 F.3d at 1132–33)).  Such is the case here.  No amendment to Plaintiffs' complaint would change the fact that this Court is without jurisdiction to consider the issues in their complaint or to provide the requested relief. Therefore, the Court recommends Plaintiffs' complaint be dismissed without prejudice and without allowing him an opportunity to amend.

### V.    Plaintiffs' Motions for Injunctive Relief

Plaintiffs have filed two motions for temporary restraining orders and preliminary injunctions. (Docs. 5, 7). In these motions, Plaintiffs ask the Court to enjoin or stay the state court proceedings and order the child be returned or moved to a different setting. As discussed above, this Court is without authority to provide the requested relief. Plaintiffs' motions for injunctive relief (Docs. 5, 7) should be denied.

### CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiffs' complaint (Doc. 4) be **DISMISSED without prejudice** and their remaining motions for injunctive relief (Docs. 5, 7) be **DENIED.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4.  The District Judge shall

11

make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 5th day of March, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

12